UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2493 |
| | § | |
| DADDY O'S BAR & GRILL, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION

### I.      Introduction

Pending before the Court is the plaintiff, Joe Hand Promotions, Inc.'s, motion for summary judgment (Docket Entry No. 20). However, the defendant, Pulkit Antala, individually and d/b/a Daddy O's Bar & Grill, LLC, has failed to file a response or otherwise object to the plaintiff's evidence and its motion for summary judgment.  Nevertheless, after having carefully reviewed the motion, the record and the applicable law, the Court grants the plaintiff's motion.

### II.      Factual Background

This case concerns a dispute over the amount of money to which the plaintiff is entitled due to a willful misappropriation of the plaintiff's closed-circuit telecast. The plaintiff is the broadcast licensee of the closed-circuit telecast of the July 11, 2009 UFC 100: "Making History" Fight Program, including under card or preliminary bouts ("the Event"). The Event was neither intended for, nor readily accessible by, the general public because its transmission was electronically coded. Private individuals or commercial establishments contracted with the plaintiff to purchase, at different prices, access to the Event.  The defendant is owner or part owner of Daddy O's Bar & Grill located at 503 East Corral Street, Kingsville, Texas 78363.  On July 11, 2009, the defendant displayed the Event to at least 120 patrons in its establishment on

eight (8) televisions. Had the defendant paid the commercial licensing price, it would have paid $1,150.00. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### III.   The Plaintiff's Contentions

The plaintiff contends that the defendant willfully misappropriated the plaintiff's licensed exhibition of the Event, and that it violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605. It asserts that the Communications Act is a strict liability statute, and that the defendant has not pled the affirmative defense of innocent infringer in its answer. As a result, the plaintiff seeks a variety of statutory damages and injunctive relief.   The defendant has failed to respond.

### IV.   Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis

omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.      Analysis and Discussion

The Court determines that the evidence is so one-sided that the plaintiff is entitled to summary judgment as a matter of law.  The Communications Act is a strict liability statute. Section 553[1] addresses receipt of a broadcast via cable, and Section 605[2] addresses receipt of satellite signals. As a strict liability statute the plaintiff need only show that the Event was shown in the defendant's establishment without the plaintiff's authorization. *See* 47 U.S.C. § 605; *Garden City Boxing Club, Inc. v. Vinson*, No. 3:03-CV-0700-BD(P), 2003 U.S. Dist. LEXIS 26180, at *6 (N.D. Tex. Sept. 3, 2003).  In this regard, the evidence is undisputed.

While there is some division amongst courts regarding the issue of which section applies, the Court need not determine whether one or both sections apply, for either way, the Court

---

[1] 47 U.S.C. § 553 provides, *inter alia*, that:
> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] 47 U.S.C. § 605 reads, in relevant part, that:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

determines that the plaintiff is entitled to the relief detailed in the following paragraph. *See Garden City Boxing Club, Inc.*, 2003 U.S. Dist. LEXIS 26180, at *10 ("the remedies under sections 605 and 553 are not cumulative") (internal citations omitted).

The Court awards the plaintiff statutory damages in the amount of $10,000. The Court also determines that the defendant's violation of the Communications Act was willful; therefore, the Court awards the plaintiff the additional sum of $25,000 pursuant to § 605(e)(3)(c)(ii). Finally, the Court awards the plaintiff costs and an attorney's fee of $12,500 for bringing this action as well as injunctive relief from future violations of the Communications Act.

## VI.    Conclusion

Based on the foregoing discussion, the Court GRANTS the plaintiff's motion and instructs the plaintiff to prepare Final Judgment consistent with this Memorandum.

It is so Ordered.

SIGNED at Houston, Texas this 8th day of August, 2012.

Kenneth M. Hoyt
United States District Judge